Argued October 4, affirmed November 20, 1963.

# MEYERS *v.* MUNO
386 P. 2d 808

*Arthur S. Vosburg,* Portland, argued the cause for appellant. With him on the brief were Vosburg, Joss, Hedlund & Bosch and Norman L. Lindstedt, Portland.

*Carlton R. Reiter,* Portland, argued the cause for respondent. On the brief were Reiter, Day, Anderson & Wall, Portland.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and LUSK, Justices.

## DENECKE, J.

This is an action to recover for personal injuries sustained in an automobile accident. The accident occurred on U. S. Highway 101, a two-lane highway, between Taft and Otis Junction, Oregon. Plaintiff, proceeding in a northerly direction, had rounded a curve and had then stopped in the middle of the straightaway to make a left turn. She then had given an arm signal for the turn while waiting for a southbound vehicle to pass. At this point the defendant, also going north, rounded the same curve and observed the plaintiff's car. When she saw that plaintiff was stopped to make a turn, defendant applied her brakes, but she was unable to stop before hitting the rear end of plaintiff's vehicle. The force of the impact pushed plaintiff into the path of the on-coming vehicle, precipitating a more serious collision.

As a result of the accident, plaintiff sustained injuries to her back and head, and, in the trial which followed, there was testimony by three doctors, the

plaintiff, and her mother as to the nature and seriousness of these injuries. After trial the jury returned a verdict for the plaintiff for $7,500 general damages and $358.41 special damages.

■ Defendant first complains that the instructions pertaining to damages prejudiced her cause by overemphasizing the question of damages through reiteration of practically every element two or three times. It is not necessary to include the instructions on damages here. They take up three pages of a total of fifteen pages of instruction in the transcript. We are satisfied that these instructions, though perhaps overlong and somewhat repetitious, did not tend to prejudice the defendant's case. As we said in *Bronkey v. Olson,* 145 Or 662, 666, 28 P2d 243 (1934):

> "* * * We know of no principle of law which demands that a cause should be reversed merely because some part of the instructions are repetitious. * * *"

It must be remembered that much of the testimony in this trial concerned the nature and extent of the injuries sustained by the plaintiff. The question of damages is important in any negligence case, and the law of damages should be thoroughly presented to the jury. We do not think that the trial court overemphasized this aspect of the case. Furthermore, at the end of his instructions on damages, the trial court specifically cautioned the jury in these terms:

> "The mere fact that I have given you instructions on the measure of damages is not to be construed by you as any indication that plaintiff is entitled to recover damages in this case."

■ We do not here consider any other allegations of error in the instructions on damages because there

were no specific exceptions taken at the trial. In excepting to instructions counsel must inform the court in what respect he thinks the instruction is wrong. *Hamilton v. Union Oil Company,* 216 Or 354, 367, 339 P2d 440 (1959). At the trial, counsel objected only to the repetitious nature of the instructions as placing undue emphasis on the question of damages. Therefore, we have only considered that question.

■ The court instructed the jury that they could not arrive at their verdict by a quotient verdict. The defendant excepted and now claims this instruction was erroneous because it was not prefaced by a statement that if the jury found for the plaintiff, "You will not arrive at your verdict by a quotient verdict, etc." Defendant contends that without this preface, the instruction assumes that the only verdict the jury could return would be one for plaintiff. While it is true that, standing alone, this instruction might mislead a jury, the instruction must be considered in light of the effect of the instruction as a whole. We find that, viewed as a whole, these instructions adequately inform the jury that they must first find for the plaintiff on the question of negligence before considering the question of damages. In *Denton v. Arnstein,* 197 Or 28, 54, 250 P2d 407 (1952), this court stated:

"We have repeatedly held that the instructions of a trial court must be viewed as a whole, and when they are substantially correct and could not have misled the jury to appellant's prejudice, a judgment will not be reversed because one instruction when considered alone may be subject to criticism, or because a particular requested instruction should have been given. * * *"

■ The defendant assigns as error the court's instructions to the jury on the "basic rule" and the court's

failure to withdraw from the jury plaintiff's charge of excessive speed by the defendant. The ground of her exception was that there may have been evidence of improper control or lookout, but there was no evidence of excessive speed. Defendant testified that she was traveling at "maybe forty miles an hour  *  *  *." The indicated speed at this point on the highway was 55 miles per hour, and the trial judge so instructed the jury. There was testimony by the plaintiff that her automobile could have been visible to the defendant for a distance of 257 paces, and defendant testified that she started to apply her brakes at a point which she estimated was approximately 150 feet from plaintiff's vehicle, but she was unable to stop. There was also evidence of the nature and width of the road and the weather conditions at the time of the accident.

The basic rule provides, among other things: "No person shall drive at a speed which is greater than will permit the driver to exercise proper control of the vehicle and to decrease speed or to stop as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and with the duty of drivers and other persons using the highway to exercise due care." ORS 483.102(2).

If the jury found the plaintiff was conducting herself properly on the highway, they could reasonably have found that the defendant collided with her because defendant was going at a speed in excess of that prescribed by the "basic rule." As this court has frequently stated, speed, control and lookout are "interrelated and mutually dependent." *Nicholas v. Fennell,* 184 Or 541, 551, 199 P2d 905 (1948); *McReynolds v. Howland,* 218 Or 566, 346 P2d 127 (1959).

Judgment affirmed.