Argued February 7, affirmed April 10, 1968

FLINT, *Respondent, v.* SNOW ET AL,
*Defendants,*
and
LIU ET UX, *Appellants.*

439 P. 2d 610

510

*Cleveland C. Cory,* Portland, argued the cause for appellants. With him on the briefs were Clarence R. Wicks, Portland.

*Gary M. Bullock,* Portland, argued the cause for respondent. With him on the brief were Lent, York & Paulson, Portland.

Before Perry, Chief Justice, and Sloan, Goodwin, Holman and Lusk, Justices.

SLOAN, J.

Plaintiff was injured when a horse broke through a roadside, pasture fence and collided with plaintiff's car. In this action for his damages he recovered a verdict and judgment against defendants Hug, the lessees of the pasture property, and defendants Liu the owners and lessors of the property. We will refer to the latter as Liu. The defendant Mrs. Snow, the owner of the horse, was exonerated by the jury. Defendants Liu are the only appealing defendants.

As stated, the accident occurred when the offending horse broke through the fence and collided with plaintiff's car. Defendant Liu's appeal, presented in four assignments of error, presents two questions as to the sufficiency of the evidence to go to the jury in respect to them. The first, presented by appropriate motions, is related to whether or not there was evidence that the fence was in a poor state of repair, inadequate for the purpose of holding horses. The second question is directed at the evidence in respect to Liu's responsibility, as lessor, for the repair and maintenance of the fence. As to the first question, the evidence clearly presented a jury question to resolve the conflicting evidence about the condition of the fence.

The second question, as to Liu's responsibility was raised by an exception to an instruction. The instruction told the jury, in part, that the "* * * owner or one in control of land abutting on a public highway, which includes a fence, must exercise ordinary and reasonable care not to endanger the safety of persons lawfully using the highway."

To avoid liability, defendant Liu relies on the general rule which, as stated by Prosser, is that:

"In the absence of agreement to the contrary, the lessor surrenders both possession and control of the land to the lessee, retaining only a reversionary interest; and he has no right even to enter without the permission of the lessee. Consequently, it is the general rule that he is under no obligation to anyone to look after the premises or keep them in repair, and is not responsible, either to persons injured on the land* or to those outside of it,* for conditions which develop after possession has been transferred. * * *." (*Footnotes omitted). Prosser, Torts (3d ed 1964) ch 11, § 63, p 412.

■ *It is not necessary to consider the exceptions to the rule that have developed in recent years and that are discussed by Prosser immediately following the quoted rule. And see Restatement, Torts 2d, §379, p 281. The evidence was conflicting, and for the jury to decide, as to the extent that Liu had retained the right to participate in the possession of the property and its upkeep. The written lease between Liu, as the owner, and defendants Hug as tenants was a homemade one. The evidence revealed that the written lease had been augmented by oral commitments between the parties. There was discrepancy between the testimony of defendant Sam Liu and that of defendant Duane Hug as to what part and for what use Liu retained the right to possess and control or lease

to others. Hug testified that he understood the oral agreement to mean that Liu could use all of the pasture for rental to other persons. Liu testified that he retained only the right to use the half of the pasture furtherest from the road. But it was apparent that defendants Liu did not relinquish complete control and use of the premises. Liu reserved the right to use at least part of the pasture for his own use and to permit others to use it. In addition, there was evidence that the condition of the fence was obvious and known to Liu when he leased the property to defendants Hug. *Nash v. Goritson*, 1944, 174 Or 368, 372, 373, 149 P2d 325.

■ The only exception taken to the instruction was that the "* * * undisputed evidence shows that [Liu was] not in possession of that portion of the pasture and that [he] had no right to control * * *." As stated, the evidence was not undisputed on this question. It was proper to submit the issue to the jury. The real vice of the instruction was that it did not require the jury to first find that Liu had retained some control over the pasture before he could be held responsible. But this was not called to the trial court's attention in any way. As a result the trial court was given no opportunity to rule on the issues argued here. The question is not, therefore, available on appeal. *Meyers v. Muno*, 1963, 236 Or 68, 71, 386 P2d 808.

Affirmed.