Argued October 30, 1978, affirmed April 3, 1979

SEARCY et ux, *Respondents,*
*v.*
BEND GARAGE COMPANY, *Appellant.*
(No. 21038, SC 25622)

592 P2d 558

William M. Holmes, of Gray, Fancher, Holmes & Hurley, Bend, argued the cause for appellants. With him on the briefs was Robert S. Lovlien, Bend.

Jeffrey M. Batchelor, of Reiter, Bricker, Zakovics & Querin, P.C., Portland, argued the cause and filed the brief for respondents.

DENECKE, C.J.

## DENECKE, C. J.

Plaintiff brought this action under the Unlawful Trade Practices Act, ORS 646.605 and following, for damages allegedly arising out of plaintiff's purchase of an automobile from the defendant automobile dealer. The jury returned a verdict for plaintiff for general damages. (There are two plaintiffs, husband and wife. We shall refer to husband only.) Defendant appeals. We affirm.

Defendant assigns as error the refusal of the trial court to grant its motion for a directed verdict. Viewed in the light most favorable to plaintiff, the jury could have found the following facts: Plaintiff went to defendant's place of business to buy a new car on April 7, 1976. Plaintiff told Walker, one of defendant's salesmen, that he was interested in a new vehicle and described the type of vehicle he wanted. Walker took defendant to a portion of the lot which contained new vehicles, and they looked at several of them. Plaintiff decided he preferred a Chevrolet Suburban. At that time defendant had only one Suburban in stock. Plaintiff believed the Suburban was a new vehicle, although Walker did not tell him it was new. In fact, the Suburban had been used as a demonstrator for about four months. The odometer reading was over 4,000 miles. No effort was made to conceal the odometer reading nor was it pointed out to plaintiff. Plaintiff drove the Suburban twice on April 7 for about 40 minutes each time. He did not notice that the vehicle had already been driven over 4,000 miles.

Defendant offered plaintiff a $4,000 trade-in allowance for the cars plaintiff wanted to trade in, although their wholesale value was only $2,950. Defendant offered the higher value as compensation for the fact that the Suburban had been used as a demonstrator but did not inform plaintiff of that fact.

Plaintiff signed an agreement labeled "order" to purchase the Suburban on the afternoon of April 7. The order had spaces which were to be checked to

indicate whether the vehicle being sold was new, used, or a demonstrator. Walker checked the box marked "new" before plaintiff signed the form. The form also contained a space in which to write the vehicle's odometer reading. That space was blank when plaintiff signed the form, but was filled in later with the correct odometer reading.

Plaintiff returned with his wife the following day to execute a number of other forms which were required to close the sale. The last form given to plaintiff was the Federal Odometer Mileage Statement disclosure form. This form indicated an odometer reading of 4,590 miles. Plaintiff first realized that the car was not new when he saw this form. Walker then told plaintiff the Suburban was a demonstrator and left the room. Plaintiff discussed the matter with his wife and, believing they were bound to complete the deal, he signed the disclosure.

Plaintiff took possession of the car. Over a month later he discovered a series of scratches on the side of the car. Upon closer examination, he discovered that portions of the car had been repainted. He returned to defendant's place of business to complain. While there, he learned that one of defendant's salesmen had been involved in an accident while driving the Suburban when it was being used as a demonstrator. The vehicle apparently had slid off an icy road and struck a cattle guard and a barbed-wire fence. Defendant had made cosmetic repairs to the vehicle at a cost of $45.30, but had not completely repaired the damage. The extent of the unrepaired damage is unclear.

Plaintiff's cause of action was primarily based upon ORS 646.608(1)(f). That subsection provides:

"(1) A person engages in an unlawful trade practice when in the course of his business, vocation or occupation he:

"* * * * *.

"(f) Represents that real estate or goods are original or new if they are deteriorated, altered, reconditioned, reclaimed, used or second-hand;

"* * * * *."

[14]

Defendant claims that no representation was made that the Suburban was a new vehicle. That contention fails for two reasons. The contract given to plaintiff to sign on April 7 included a check in the box marked "new" rather than the box marked "demonstrator." Thus, defendant explicitly represented that the car was new. In addition, the jury could find that Walker's actions in taking plaintiff to inspect the Suburban after plaintiff had indicated he was interested in a new car amounts to a representation that the vehicle was new. ORS 646.608(2) provides:

> "A representation under subsection (1) of this section or ORS 646.607 may be by any manifestation of any assertion by words or conduct, including, but not limited to, a failure to disclose a fact."

Defendant's act of showing plaintiff a demonstrator after plaintiff asked to see new cars without disclosing that the vehicle had been used as a demonstrator could be construed as an assertion by conduct that the vehicle was new.

Defendant also claims there was no evidence of "wilful use or employment * * * of a method, act or practice declared unlawful by ORS 646.608 * * *." ORS 646.638(1). We find there was evidence of wilfulness.

Certain of the evidence supporting a finding that defendant represented that the Suburban was new also supports a finding that the representation was wilful. For example, the evidence that on the order form Walker checked the box labeled "new" rather than the box labeled "demonstrator," and he left blank the space in which to insert the odometer reading.

Defendant also contends that plaintiff is not entitled to recover because he did not rely on any alleged misrepresentation by defendant. It bases this on plaintiff's admission that he learned the odometer reading when he signed the odometer disclosure form and Walker admitted the Suburban was a demonstrator, both before the final closing. We held in *Sanders v. Francis,* 277 Or 593, 598, 561 P2d 1003

(1977): "Whether ORS 646.638(1) requires reliance as an element of causation necessarily depends on the particular unlawful practice alleged." Assuming in the present case, without deciding, that reliance is necessary, the admissions the defendant relies upon do not exclude a finding of reliance. Plaintiff testified he went through with the sale after he found the Suburban was not new for the reason that he believed he was obliged to buy because he had previously signed a contract to buy.

■ We hold there was evidence to support the verdict and the trial court did not err in denying defendant's motion for directed verdict.

Defendant assigns as error the refusal of the trial court to give its requested instruction defining "representation." The requested instruction provided:

"A representation is an actual definite statement or actual definite conduct that is *material* and that was relied upon by the plaintiffs. It can also include concealment of a *material* fact that would normally have been relied upon by the plaintiffs and that defendant had a duty to disclose to plaintiffs." (Emphasis added.)

Defendant claims this instruction should have been given to indicate that a representation or failure to disclose had to involve a material fact. The trial court's instruction provided:

"With regard to representations, a representation may be any manifestation of any assertion by word or conduct, including but not limited to a failure to disclose a fact."

The instruction was taken directly from ORS 646.608(2).

■ Defendant's argument that a concealed fact must be material is based upon ORS 646.608(1)(t). That section provides that an unlawful trade practice occurs when "[c]oncurrent with tender or delivery of any real estate, goods or services [a person] fails to disclose any known material defect or material nonconformity."

[16]

But ORS 646.608(1)(t) was not enacted until after plaintiff's cause of action arose. 1977 Or Laws ch 195, § 2. Many of the enumerated unlawful trade practices involve representations. See ORS 646.608(1)(e), (f), (g), (j), (k), (l), and (s). But in the section defining "representation" the legislature did not not require that a concealed fact be material.

■ Defendant also contends that plaintiff should not have been allowed to give his opinion concerning the value of the Suburban. Plaintiff admitted that he had no particular experience or expertise regarding the value of automobiles, and that he was not familiar with the used-car market. We have repeatedly held that the owner of personal property, including automobiles, is competent to express an opinion regarding its value. *Jones v. Northside Truck Sales, Inc.,* 276 Or 685, 693, 556 P2d 117 (1976); *Richmond v. Fields Chevrolet Co.,* 261 Or 186, 197-199, 493 P2d 154 (1972); *Lewis v. Worldwide Imports, Inc.,* 238 Or 580, 584, 395 P2d 922 (1964). No error was committed in allowing plaintiff to testify.

Defendant also contends that the trial court erred by reading and summarizing the crucial parts of the complaint in its instructions to the jury. Defendant relies upon ORS 17.320. That section formerly included the pleadings among the items which the jury was to take with them during deliberations. A 1977 amendment, effective in this case, eliminated that provision. ORS 17.320 now provides that "[t]he court may in its discretion, and shall at the request of any party, submit to the jury an impartial written statement summarizing the issues to be decided by the jury."

The legislature adopted the 1977 amendment as a result of a recommendation of the Oregon State Bar. The Bar, however, did not recommend the above-quoted language of the amendment. The Bar Committee on Procedure and Practice in its recommendation to the Bar stated:

"Lawyers have an incentive for including in the pleadings certain descriptive adjectives such as 'grievous' injury and 'violent' collision. Adverse counsel often file motions to strike because they do not wish to have such emotionally laden terms in materials that go to the jury. The number of motions to strike the pleadings would be drastically reduced if the pleadings were not given to the jury." 1976 Oregon State Bar Committee Reports, p 249.

■ The sponsors of the amendment did not intend to affect what the trial court stated in its oral instructions. The language added by the legislature, quoted above, also does not concern the trial court's oral instructions. The trial court did not err in summarizing the allegations of the complaint.

Defendant's last assignment of error involves a jury instruction based upon ORS 646.608(1)(g). The challenged instruction was:

"The law further provides that a seller of goods engages in an unlawful trade practice if it represents that goods are of a particular standard, quality, or grade if they are of another."

■ The instruction was unnecessary and somewhat repetitious; however, so instructing is not prejudicial error. *Meyers v. Muno,* 236 Or 68, 70, 386 P2d 808 (1963).

Affirmed.