Argued and submitted September 5, reversed
and remanded for new trial November 26, 1979,
reconsideration denied January 3,
petition for review allowed January 29, 1980

MARJORIE A. HALL,
*Appellant,*

*v.*

STATE OF OREGON,
*Respondent.*

(No. A7706-08646, CA 12599)

602 P2d 1104

Gregory P. Lynch, Portland, argued the cause for appellant. With him on the brief was Lynch and Siel, P.C., Portland.

James M. Brown, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

This is a negligence case wherein plaintiff sought damages from the State of Oregon for injuries she incurred in an automobile accident, which occurred on a public highway maintained by defendant. The appeal concerns the propriety of the trial court directing a verdict for defendant and its refusing to admit certain testimony of plaintiff's witness.

On December 13, 1976, plaintiff was injured in a single-car accident. She was a passenger in the vehicle which struck the side wall of a freeway entrance ramp leading from the Morrison Bridge in Portland, Oregon. The weather was clear and the pavement was dry. The driver of the vehicle testified that she hit something thick just prior to losing control of her vehicle and when she regained consciousness following the accident she noticed that there was gravel and debris on the freeway ramp. Due to freezing fog in the Portland area on December 1st and 2nd of 1976, defendant's maintenance department had sanded that area of the highway including the bridge ramps. After the icy conditions dissipated, on December 3rd, the maintenance crews began sand sweeping operations. The supervisors responsible for sweeping the Morrison Bridge ramp could not say whether it had been swept.

It was plaintiff's theory that the vehicle had entered sand on the entrance ramp and due to the reduced friction on the banked curve of the ramp the driver lost control. She alleged that the state had a duty to remove the sand and that is was negligent in failing to do so. The state entered a general denial and for its first affirmative defense alleged that it was immune from suit. ORS 30.265(3)(c). Defendant moved to strike the affirmative defense. The court deferred ruling until trial but then never did rule on the motion to strike.

At the close of plaintiff's case in chief defendant rested without putting on evidence and moved for a directed verdict on the ground that plaintiff had failed

[327]

to prove causation. The trial court acknowledged that plaintiff had presented sufficient evidence from which the jury could have found that there was sand on the highway and that it caused the driver to lose control, but the court granted the motion for the reason that there was no evidence presented of the standard of care against which the defendant's conduct should be judged.

A directed verdict should be entered only in the exceptional case where, from the facts taken in the light most favorable to plaintiff, reasonable persons could draw one inference and that inference being that defendant was not negligent. *James v. Carnation Co.,* 278 Or 65, 67-69, 562 P2d 1192 (1977).

Plaintiff presented evidence, by way of deposition testimony of the two maintenance supervisors who had the responsibility over this particular bridge ramp, that sand is removed from the highway for safety purposes. One supervisor stated that five days would have been sufficient time to sweep the entire area of all the sand that had been spread. They both testified as to what maintenance activities, including sand removal, that their crews were engaged in between the 3rd and the 13th of December. They both recognized the hazards of reduced traction in areas of banked curves.

There is evidence from which the jury could have found that defendant had a duty to sweep the sand it had spread based on its knowledge of the danger the sand presented to motorists. The general standard of care is the necessary complement of duty. The standard of care required of defendant is that it act as a reasonable person would under the circumstances. This is a question of fact. From the evidence presented the jury could have determined that the priority given to sand removal on this particular ramp was unreasonable. In this instance the jury was capable of deciding what was reasonable conduct. The plaintiff had made

prima facie case of negligence and it was error for the trial court to direct a verdict for defendant.

Plaintiff's second and third assignments of error concern the exclusion of certain testimony by one of her expert witnesses. Since our reversal on the direct-verdict issue will necessitate a new trial we will address these two other assignments.

We begin our discussion by noting that the proprie-ty of admitting expert opinion evidence and in deter-mining qualifications of expert witnesses rests largely in the discretion of the trial court and its determina-tion will not be disturbed on appeal absent abuse. *Myers v. Cessna Aircraft,* 275 Or 501, 553 P2d 355 (1976). The appellate court can, however, review the evidence to decide whether the expert testimony should have been admitted. *Meyer v. Harvey Alumi-num,* 263 Or 487, 489, 501 P2d 795 (1972). The trial court found that the plaintiff's witness, who was asked to give an expert opinion regarding the priority that should be given to sand removal from particular areas, did not have the requisite expertise to qualify him to testify on that issue. We agree. The fact that plaintiff's witness, an engineer, had reconstructed many traffic accidents in the past and that he was well informed about the effects of sand on a dry highway did not make him an expert on highway maintenance. The party offering the expert testimony must carefully set forth the qualifications of the witness to give an opin-ion on a particular subject. *Myers v. Cessna Aircraft, supra,* 275 Or at 520. Further, the testimony of the highway maintenance supervisors was before the jury. It was aware of the areas which had been swept and the other projects which had been undertaken by the maintenance crews. The reasonableness of the defend-ant's assessment of priorities was not a subject on which the jury needed expert testimony to aid it in its decision.

In her final assignment plaintiff contends that the

expert should have been permitted to answer the following question:

"Q. That's okay. I understand. That's sufficient. Mr. Sutherland, based upon your expert knowledge and experience and your knowledge of the facts of this case and those that are in evidence and your examination of the Morrison Bridge I-5 ramp, can you express an opinion as to what the probable result will be if a pickup truck and the tires were in good condition and traveling at 30 miles an hour encountered an accumulation of sand as depicted on Exhibit 14 where Linda Botel has marked an 'A' on the ramp at the time when that pavement was dry, do you have an opinion?

"A. Yes

"Q. Would you state your opinion?"

The court sustained defendant's objection on the ground that the hypothetical question was based on unknown facts.

This question put to the witness asked for his expert opinion on the cause of the accident. This was an ultimate fact of the case. An expert may testify to an opinion on an ultimate fact if that ultimate fact cannot be equally well decided by the trier of fact from the same evidence upon which the expert based his opinion. *Yundt v. D & D Bowl, Inc.,* 259 Or 247, 258-59, 486 P2d 553 (1971); *Ritter v. Beals et al,* 225 Or 504, 525, 358 P2d 1080 (1961). In this instance, the witness had previously testified that an accumulation of sand on dry pavement would tend to decrease the coefficient of friction and would diminish the driver's control over her vehicle. The jury had been apprised that the accident occurred at an inclined curve on the bridge ramp. The jury did not need expert testimony to draw the conclusion on the ultimate fact for it. In both instances the trial court was correct in excluding plaintiff's witness's testimony.

Reversed and remanded for new trial.