Argued and submitted May 30, reversed and remanded with instructions
November 21, 1984

# GARRETT,
*Respondent,*

*v.*

# OLSEN et al,
*Appellants.*

(131897; CA A29344)

691 P2d 123

Larry A. Brisbee, Hillsboro, argued the cause and filed the briefs for appellants.

Paul B. Gamson, Eugene, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, and Kulongoski, Heid, Durham & Drummonds, Eugene.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is an action for battery. Plaintiff, a public high school teacher, sued defendants Loren Olsen, a student, and Mark Olsen, Loren's father. He alleged that he was struck by Loren on school premises during school hours. He asked for general and punitive damages against Loren and, pursuant to ORS 30.765, general damages from Mark. A jury returned a verdict against Loren for $3,100 general damages and $4,300 punitive damages, and the trial court entered judgment in those amounts against Loren. The court also entered judgment for $3,100 general damages against Mark.

Defendants appeal. They make four assignments of error; three involve jury instructions, a fourth contends that the trial court erred in refusing to dismiss plaintiff's complaint against Mark on the ground that he had failed to prove any "actual damages." We reverse and remand the award of punitive damages.

Loren attended a class taught by plaintiff. It began with a test. Because Loren had transferred to the class only the day before, he was unprepared. Instead of completing the test, he drew a picture on his paper. Plaintiff noticed that Loren was not doing the test. He approached and asked to see his paper. Loren refused. They struggled over the paper. Eventually, plaintiff obtained it. Loren started to leave the classroom. Plaintiff told him that he had to have a hall pass. When Loren continued to leave, plaintiff stepped in his way. Loren struck him twice.

■ Defendants contend that the trial court erred in instructing the jury that

"* * * the law of the state of Oregon says that a teacher may use reasonable physical force upon a student when and to the extent the teacher reasonably believes it necessary to maintain order in the school or classroom. ORS 339.250(2)."

They argue that the statute cited by the trial court was enacted after the incident giving rise to the present action. The record is not clear whether defendants actually excepted to the instruction;[1] however, if an exception was taken, it

---

[1] "MR. BRISBEE: Specifically the instruction regarding the use of force by

failed to inform the court of any ground for the exception. Therefore, we have no basis on which to review their assignment of error. *See* ORCP 59H; *see also Blair v. Mt. Hood Meadows Development Corp.,* 291 Or 293, 304, 630 P2d 827, *modified* 291 Or 703, 634 P2d 241 (1981); *Meyers v. Muno,* 236 Or 68, 70, 386 P2d 808 (1963).

■        Defendants contend that the trial court erred in failing to give the following requested instructions:

> "You are instructed that an aggressor for the purposes of this case is defined as one who first employs hostile force against the other;"

and

> "I instruct you that if you find from the evidence in this case that the plaintiff was the aggressor, as I have defined that term, and that the defendant used such force as was reasonably necessary to repel the plaintiff, then the plaintiff does not have the right to recover in this case."

However, the issue is not whether plaintiff was the "aggressor," but whether he abused a limited privilege in disciplining Loren.

　°   In *Simms v. School Dist. No. 1,* 13 Or App 119, 129, 508 P2d 236 (1973), we reviewed the issue of a teacher's civil liability for administering physical discipline to a student in a classroom and adopted the common law rule as defined in *Annot.,* 43 ALR2d 469, 471:

> "It is a well-established rule of the law of torts that a teacher is immune from liability for physical punishment, reasonable in degree, administered to a pupil. The teacher is held (and in some jurisdictions is stated by statute) to stand in loco parentis, and to share the parent's right to obtain obedience to reasonable commands by force.

> "But a teacher's right to use physical punishment is a limited one. His immunity from liability in

---

teachers citing ORS 349.250 the — my instruction number 2 was given but omitted the element of causation of actual injury which was deleted from that portion of it. The instruction the Court did not give, my defendant's requested instruction number 5 dealing with the question of aggressor and defendant's number 6 was not given but the Court instructed with respect to the force given — that may be used by teachers * * *."

damages requires that the evidence show that the punishment administered was reasonable, and such a showing requires consideration of the nature of the punishment itself, the nature of the pupil's misconduct which gave rise to the punishment, the age and physical condition of the pupil, and the teacher's motive in inflicting the punishment. * * *' " 13 Or App at 124.

Although ORS 339.250 has been amended several times since *Simms,* nothing in the amended statute modifies the common law rule. We conclude that the trial court did not err in refusing to give the requested instructions.

■     Defendants contend that the trial court erred in failing to give the following requested instruction:

"If you find from the evidence that the conduct of the plaintiff did not amount to an unprivileged contact or threat of contact with the defendant justifying the defendant's use of force, you may nevertheless consider such conduct in mitigation of punitive damages if you are considering punitive damages. Such conduct by the plaintiff would not, however, reduce or mitigate the general damages that are claimed."

Plaintiff concedes that the instruction is a correct statement of the law and that the court agreed to give the instruction, but, apparently, later forgot to do so. He argues, however, that the error was not preserved. If the requested instruction was a correct statement of the law and it was requested on an issue on which the trial court gave no instruction, the claim of error was preserved. *Becker v. Beaverton School District,* 25 Or App 879, 884, 551 P2d 498 (1976).

■     Alternatively, plaintiff argues that any error was harmless, because defendants' requested instruction was sufficiently covered by another instruction that was given by the court. The court instructed the jury:

"If you decide to award punitive damages, you may properly consider the following items in fixing the amount:

"1.   The character of defendant's conduct;

"2.   The defendant's motive."

We conclude that the court's instruction failed to focus properly on the essence of defendants' theory as presented in the requested instruction, *i.e., plaintiff's conduct* in mitigation of possible punitive damages. We hold that the failure to give

the instruction was prejudicial error requiring reversal of the punitive damages award. *See State ex rel Redden v. Discount Fabrics,* 289 Or 375, 388, 615 P2d 1034 (1980).

Defendants contend that the trial court erred in denying Mark's motion for a directed verdict. He moved for a directed verdict on the ground that ORS 30.765(1) requires proof of "actual damages" and that there was no such proof. Plaintiff's complaint did not allege any special damages; it alleged "cuts, bleeding and pain to [plaintiff's] mouth, face, and teeth and [that plaintiff] was inconvenienced, traumatized and emotionally distressed, all to his general damage * * *." ORS 30.765 provides, in relevant part:

> "(1)   In addition to any other remedy provided by law, the parent or parents of an unemancipated minor child shall be liable for actual damages to person or property caused by any tort intentionally committed by such child * * *.

> "(2)   The legal obligation of the parent or parents of an unemancipated minor child to pay damages under this section shall be limited to not more than $5,000, payable to the same claimant, for one or more acts."

Defendants argue that neither the statute's legislative history nor the case law support an interpretation of "actual damages" to include the general damages specified in plaintiff's complaint and that "actual damages" include only pecuniary damages. This case provides the first opportunity for this court to interpret the term "actual damages" in ORS 30.765(1).

The term "actual damages" has been construed under the Oregon's Residential Landlord-Tenant Act (ORLTA) ORS 91.700 *et seq.* In *Brewer v. Erwin,* 287 Or 435, 600 P2d 398 (1979), the Supreme Court considered whether certain non-economic consequences are within the ambit of the statutory phrase "actual damages" in ORLTA. *Brewer* involved an action by a tenant seeking injunctive relief and damages against her landlords for their allegedly wrongful eviction efforts. In defining the term "actual damages" under the provisions of ORLTA, the Supreme Court explained:

> "We are dealing with damages for violations of statutory obligations. * * * The act may be designed to allow recovery of such damages as are appropriate to an injury to the specific

interest or interests which compliance with the particular statutory provision is designed to protect. * * *

"In short, when other statutory indications are lacking, the key to damages seems to be to determine what kind of harm, in the setting of a normal residential rental transaction, can reasonably be said to lie within the contemplation of the protective provision of the act upon which the claim is founded. * * *" 287 Or at 446.

The *Brewer* court concluded that, under ORLTA, "actual damages" includes noneconomic damages proved by the plaintiff. However, the court qualified its holding:

"This is not equivalent to an openended measure of general damages for 'pain and suffering' drawn from tort law. We understand 'actual damages' or 'damages' to refer to compensation for tangible harm resulting from the statutory violation, though it need not be economic harm. The harm must be of a kind within the contemplation of the protective provision that was breached. It does not extend to the sort of annoyance, anger, or sense of frustration that frequently accompanies a dispute over a business transaction even when these common reactions are described as 'emotional distress.' * * *

"On the other hand, such necessary recognition and acceptance of the risk of controversy need not preclude recovery of damages when tangible consequences such as physical illness, medical bills, inability to sleep, to eat or work in one's dwelling, separation of family members or similar disruptions of one's personal life result from the events or conditions that breach the standards of secure occupancy and essential services guaranteed by the act, rather than from the strain of preoccupation and vexation with the dispute itself. If physical hardship and impairment can give rise to a claim for 'actual damages' under the act, we see nothing to exclude such actual impairment because it is 'psychological' or 'emotional' rather than physical. 287 Or at 448. (Citations omitted.)

The court's analysis of the term "actual damages" in the statute analyzed in *Brewer* demonstrates the relevant inquiry in the present case: Are general damages, including cuts, bruises, bleeding and emotional distress within the contemplation of ORS 30.765(1)? We conclude that they are.

*Former* ORS 30.770 provided a statutory basis for holding parents liable in an action for damages not exceeding $100, for injury to real or personal property intentionally

caused by a minor. Or Laws 1959, ch 310, § 1. In 1965, the statute was amended to increase the limit of parental liability to $300 and to add parental liability for personal injuries caused by a minor's intentional torts. Or Laws 1965, ch 587, § 1. ORS 30.770 was repealed in 1975 and replaced by the present ORS 30.765. Or Laws 1975, ch 712, §§ 1, 5. In 1977, ORS 30.765 was amended to increase the parental liability limit to $5,000. Or Laws 1979, ch 419, § 1. There is nothing in the legislative history of the 1965 amendments that suggests that the legislature intended that student assaults on teachers should go unremedied by damages because there was no permanent physical injury or out-of-pocket expense.

We hold that the statute makes parents responsible for their childrens' intentional torts and the general and special damages that flow therefrom.

Reversed and remanded for retrial of the punitive damages claim against defendant Loren Olsen; otherwise affirmed.