Argued and submitted February 10, affirmed March 12, 1997

Patricia BALL,
*Appellant,*

*v.*

Edwin C. JORGENSON
and Gloria Jorgenson,
husband and wife,
and Jerry C. West,
*Respondents.*

(95-CV-0134; CA A92581)

934 P2d 634

Jeffrey H. Boiler argued the cause for appellant. With him on the briefs were D. Joseph Cartwright and Boiler & Cartwright.

Ronald B. Versteeg argued the cause for respondents. With him on the brief was Schultz, Salisbury, Cauble, Versteeg & Dole.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

**LEESON, J.**

Plaintiff appeals from a judgment in favor of defendant following a jury trial on her claims for trespass and private nuisance. She assigns error to the trial court's failure to instruct the jury about a landowner's duty to act with prudent regard for the interests of an adjacent owner when digging ditches. We conclude that plaintiff failed to preserve the alleged error for appeal, ORCP 59 H, and affirm.

In 1989, plaintiff purchased real property that is adjacent to defendants' property. She subsequently observed that defendants had dug a series of ditches that diverted water from their property onto hers. In 1995, plaintiff brought this action against defendants for trespass and private nuisance and sought an injunction to prevent defendants from diverting water in that manner. Defendants sought an injunction against plaintiff to remove dirt that she had placed on her property to protect it against the water coming from defendants' property. The jury returned a verdict against plaintiff on her claims for trespass and private nuisance. The trial court denied plaintiff's claim for injunctive relief and granted defendants' request for an injunction.

Plaintiff assigns error only to the trial court's jury instruction about a landowner's right to build ditches and drain water onto adjacent property. The court instructed as follows:

> "I instruct you that the law allows a landowner to build ditches which cause surface water to flow onto a neighboring property. The landowner is not liable even though the ditches cause the surface water to drain more rapidly onto the lower land as long as the water would not have flowed in a different direction without the ditches."

According to plaintiff, the trial court should have given the following instruction, set forth in *Rehfuss v. Weeks*, 93 Or 25, 32, 182 P 137 (1919):

> "The owner of upper lands is not prohibited by the rule from cultivating his lands or draining them by artificial ditches, though surface water is thereby precipitated more rapidly upon the lands of the adjacent owner below, provided he does not cause water to flow on such lands which, but for

the artificial ditches, would have flowed in a different direction, *and provided he acts with a prudent regard for the interests of such adjacent owner.*" (Emphasis supplied.)

Plaintiff concedes on appeal that the instruction that was given "does accurately state the law as far as it goes." However, she argues, the instruction "simply does not go far enough." According to plaintiff, by omitting the limitation contained in the emphasized portion of the instruction in *Rehfuss*, "the jury was unavoidably misled into believing that Defendants had an unfettered right to drain their land, *without regard* to the damage that draining caused Plaintiff." (Emphasis plaintiff's.) Defendants contend that plaintiff did not preserve that argument for appeal, because she did not note an exception at the time the instructions were read to the jury. Plaintiff responds that the argument is preserved because the record "clearly shows" that plaintiff "requested a supplemental or modified instruction encompassing the principles of unreasonable inconvenience and due regard for a lower landowner's interest * * *."

■     ORCP 59 H provides:

"No statement of issues submitted to the jury * * * and no instruction given to a jury shall be subject to review upon appeal unless its error, if any, was pointed out to the judge who gave it and unless a notation of an exception is made immediately after the court instructs the jury. Any point of exception shall be particularly stated and taken down by the reporter or delivered in writing to the judge. It shall be unnecessary to note an exception in court to any other ruling made. All adverse rulings, including failure to give a requested instruction or a requested statement of issues, except those contained in instructions and statements of issues given, shall import an exception in favor of the party against whom the ruling was made."

In order to preserve for appeal an error in a jury instruction, a party must specifically except to the instruction. *Mark v. Hutchinson*, 132 Or App 613, 619, 889 P2d 361, *rev den* 321 Or 94 (1995). The purpose of requiring a specific exception is to inform the court that the instruction may be erroneous and to give the court an opportunity to correct it. *Delaney v. Taco Time Int'l*, 297 Or 10, 18, 681 P2d 114 (1984).

■     In this case, before the instructions were read to the jury, plaintiff objected to defendants' proposed instruction as follows:

> "But the way I read—I honestly haven't read the *Rehfuss* case. But my big objection is I think what it says, I think what those cases are saying is that if water goes a particular way through natural drainage and all you're doing by digging a ditch is to facilitate a natural drainage then that's okay. But if you, on the other hand if you dig a ditch and make water go way, go in a particular way [that] it was otherwise not going, you can't do that and that's where I got to draw the line. * * *
>
>      "* * * * *
>
> "And I think, and I think it is permissible to dig a ditch even if it makes [water] go more rapidly. Where you draw the line, I don't think if the water wasn't going that way at all and you dig a ditch and make it go that way, I don't think you can do that."

In sum, plaintiff objected to defendants' proposed instruction solely on the ground that an adjacent owner has no legal right to divert water from its natural flow. That objection failed to put the trial court on notice of the error that plaintiff assigns on appeal, namely, that the instruction failed to state that a land owner has a duty to act with prudent regard for the interests of an adjacent owner when digging ditches. *State v. Zelinka*, 130 Or App 464, 477, 882 P2d 624, *rev den* 320 Or 508 (1994).

Plaintiff had a second opportunity to put the trial court on notice of the error about which she now complains, but failed to do so. After giving the instructions to the jury, and out of its presence, the trial court asked plaintiff if she had exceptions. She responded, "No exceptions, your honor."

Nonetheless, plaintiff contends, "ORCP 59 H does not require an exception to be taken in order to preserve [error on appeal] based on a trial court's failure to give a requested instruction." That argument does not aid her here, because we conclude that the trial court did not fail to give a requested instruction.

■      As noted above, plaintiff's only objection to the jury instruction proposed by defendants focused on whether a landowner is entitled to divert water in a direction that it does not naturally flow. Plaintiff never requested that the court give an instruction regarding a landowner's duty to act with a prudent regard for the interest of an adjacent owner. The closest that plaintiff came to requesting such an instruction was the following statement:

> "Can I also give you the citation to Levene versus City of Salem. I haven't read that, honestly, Your Honor. But I think Levene, it's 191 OR 182."

*Levene et ux v. City of Salem*, 191 Or 182, 229 P2d 255 (1951), is a lengthy Supreme Court opinion addressing a variety of legal issues. Plaintiff admitted to the trial court that she had not read that case and gave the court no hint of the legal proposition for which she cited it to the court. Plaintiff's reference to *Levene* was not a request for a jury instruction and plaintiff cannot now complain that the court failed to give an instruction that she requested. *See Hovey v. Davis*, 120 Or App 425, 428, 852 P2d 929, *rev den* 318 Or 26 (1993) (merely citing a case as a ground for an objection does not preserve the objection).

Affirmed.