A92A1859. PCT SERVICES, INC. v. POPE et al.
A92A1860. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY v. POPE et al.
(430 SE2d 139)

COOPER, Judge.

Appellee Ruth Pope brought a negligence action against MARTA to recover for injuries she sustained when she slipped and fell on a sheet of ice covering the entrance to the East Point MARTA rail station. Mrs. Pope's husband was subsequently added as a party-plaintiff and asserted a claim for loss of consortium. MARTA filed a third-party complaint against PCT Services, Inc. ("PCT"), a company with which MARTA contracted to inspect and clean their MARTA stations. In separate appeals, both PCT and MARTA allege that the trial court erred in denying their motions for summary judgment.

Construing the evidence most strongly in favor of appellees as

respondents on motion for summary judgment, the record reveals that on Sunday, December 17, 1989, the City of Atlanta was hit with an ice storm. The following day Mrs. Pope entered the East Point MARTA station to ride the rail to work. Mrs. Pope testified that she was familiar with the East Point MARTA station because she took it back and forth to work each day. On the day before her fall, Mrs. Pope saw ice in the parking lot and on the curb around the station but was able to enter and exit the station without incident. The next morning, the weather was rainy and cold, and Mrs. Pope noticed that ice had formed on the trees and assumed the temperature was freezing. When Mrs. Pope got out of the car, she did not see ice in the parking lot but assumed it was there because it had been there the previous morning. Because of the rain, Mrs. Pope held an umbrella close to her face to shield herself from the rain. Although Mrs. Pope walked cautiously and looked downward in front of her feet, she slipped and fell on a piece of ice near where she had seen ice the previous morning. Mrs. Pope testified that she did not see the ice on which she slipped but that the area around her was shiny like it was wet. There is evidence that approximately one hour before Mrs. Pope fell, another woman fell in the same area. However, the first fall was not reported to MARTA until the following day, and MARTA disavows any knowledge of any fall prior to Mrs. Pope's. The officer who responded to Mrs. Pope's fall testified in his deposition that the ice on which Mrs. Pope slipped was "black" ice, which is invisible whether it is wet or dry. There is no evidence that the ice in the parking lot and around the curbs resulted from anything other than natural accumulation.

 "'In order for a plaintiff in a slip and fall case such as this to recover, two elements must exist: (1) fault on the part of the owner, and (2) ignorance of the danger on the part of the invitee. Stated another way, liability for injuries resulting from an invitee's slip and fall on a proprietor's premises is determined by the relative knowledge possessed by the proprietor and the invitee of the condition or hazard which resulted in the injury. The basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of his knowledge, assumes the risk and dangers incident to the known condition. Thus, in cases such as the instant one, where an invitee has slipped and fallen on a foreign substance such as ice, knowledge is the decisive issue and the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance.' . . . [Cit.]" *Shansab*

*v. Homart Dev. Co.*, 205 Ga. App. 448, 450 (3) (422 SE2d 305) (1992). It is undisputed that both MARTA and Mrs. Pope had knowledge of the general inclement weather conditions. However, there is no evidence that either had knowledge of the specific hazard — the black ice — on which appellant slipped. MARTA suggests in its brief that Mrs. Pope's knowledge of the ice in the area where she fell may have been better than MARTA's, since Mrs. Pope noticed the ice there when she successfully traversed the area the previous day. Notwithstanding whether Mrs. Pope's knowledge was better than MARTA's, nothing in the record suggests that MARTA's knowledge of the specific hazard might have been superior to Mrs. Pope's knowledge.

Appellees rely on *Telligman v. Monumental Properties*, 161 Ga. App. 13 (288 SE2d 846) (1982). In *Telligman*, we found that the corrective measures taken by defendant, including maintenance crews which were present "manually chipping away ice, spreading salt and roping off hazardous areas," authorized a finding that defendant had at least constructive knowledge of the invisible patch of ice at its business entrance. *Telligman*, supra at 15. Also, in *Nicholson v. MARTA*, 179 Ga. App. 173 (345 SE2d 679) (1986), we found that MARTA had constructive knowledge based on its actions in assigning maintenance crews to clear ice and close areas where dangerous icing conditions were present. However, this case is more like *Speaks v. Rouse Co. of Ga.*, 172 Ga. App. 9 (321 SE2d 774) (1984), in which an ice storm struck the city on a Tuesday, and by the following Sunday some of the ice and snow had melted. The plaintiff went to the defendant's mall, where she stayed for approximately three hours during which time the temperature dropped. The plaintiff slipped and fell on a thin film of "invisible" ice, which was apparently caused by the refreezing of some of the melted snow and ice. After noting that there was "no affirmative duty on the part of [the defendant] to remove the natural accumulation of snow and ice, nor to take actions designed to prevent the possibility of refreezing (depending upon the vagaries of the weather)," we concluded that, unlike *Telligman*, the facts did not "present a situation in which [the defendant] knew of the potential hazard and [the plaintiff] did not." *Speaks*, supra at 11. We again recognize the difficulty of reconciling *Telligman* with *Speaks*, see *Grier v. Jeffco Mgmt. Co.*, 176 Ga. App. 158 (335 SE2d 408) (1985), but conclude that *Telligman* was expressly limited to its facts recited above, which were deemed "central" to the case. Such facts are not present in this case, and appellees' argument that MARTA was negligent in not discovering or removing the ice from its premises has been decided adversely to them. See *Auerbach v. Padgett*, 122 Ga. App. 79 (176 SE2d 193) (1970); accord *Hancock v. Abbitt Realty Co.*, 142 Ga. App. 739 (1) (236 SE2d 860) (1977).

For the foregoing reasons, appellants' respective motions for sum-

mary judgment should have been granted.

*Judgments reversed. Blackburn, J., concurs. McMurray, P. J., concurs in judgment only.*

DECIDED MARCH 17, 1993 —
RECONSIDERATION DENIED MARCH 29, 1993 

*Barksdale & Mobley, M. Scott Barksdale*, for appellant (case no. A92A1859).

*Gorby, Reeves, Moraitakis & Whiteman, Nicholas C. Moraitakis, Robert N. Katz*, for appellant (case no. A92A1860).

*James W. Bradley*, for appellees.