1999 OK 7

**Linda Gaye BROWN and LeRoy Eugene Brown, Appellants,**

v.

**ALLIANCE REAL ESTATE GROUP, d/b/a Prudential Properties of Oklahoma; Defendants,**

**Marolyn Pryor; Roger Pryor; and B.A.S.S. Unlimited, Inc., d/b/a Prudential Properties Of Oklahoma, Appellees.**

No. 90,135.

Supreme Court of Oklahoma.

Feb. 9, 1999.

Rehearings Denied April 21, 1999.

Lynn B. Mares, Abel, Musser, Sokolosky, Mares and Kouri, Oklahoma City, Oklahoma, for appellants.

S. Marc Walls, Angela D. Ailles & Associates, Oklahoma City, Oklahoma, for appellees, Marolyn and Roger Pryor.

Christian S. Huckaby, Looney, Nichols & Johnson, Oklahoma City, Oklahoma, for appellee, B.A.S.S. Unlimited, Inc.

## PER CURIAM:

¶ 1 The issue presented is whether the district court's summary judgment was proper. We find that the plaintiffs' summary judgment evidence raises a genuine issue of the material fact of defendants' duty to protect plaintiff from a hidden danger and therefore, we hold that summary judgment was improper.

¶ 2 Linda Brown was injured when she slipped and fell on an patch of ice outside the door of Marolyn Pryor's real estate office. Brown and her husband filed suit against the premises owners alleging that they were negligent in that they failed to clear the path of ingress and egress to their place of business and failed to protect plaintiff from the slick condition of the path of ingress and egress. On summary judgment, the defendants asserted that the ice was the result of a natural accumulation; the defendants had done nothing to enhance the accumulation of the ice; and the plaintiff's injury was caused by her own negligence. The plaintiffs responded submitting evidentiary material tending to establish that the ice was invisible and the defendants had knowledge of the hazardous ice. Relying on *Buck v. Del City Apartments, Inc.,* 1967 OK 81, 431 P.2d 360, the district court granted summary judgment in favor of the defendants.

¶ 3 *Buck v. Del City Apartments, Inc.* determined that a motel owner had no legal duty to warn an invitee, who knew or should have known the condition of a property, against patent and obvious dangers. In *Buck,* a heavy snowfall was on the ground the day of the injury. Although a co-manager of the motel had cleaned the snow off the walkway, steps and the porch, there was ice remaining on the porch and steps and Mrs. Buck slipped and fell. In *Buck,* this Court said:

The owner or person in charge of the premises has no obligation to warn an invitee, who knew or should have known the condition of a property, against patent and obvious dangers. The invitee assumes all normal or ordinary risks incident to the use of the premises, and the owner or occupant is under no legal duty to reconstruct or alter the premises so as to remove known and obvious hazards, nor is he liable to an invitee for an injury resulting from a danger which was obvious and should have been observed in the exercise of ordinary care.

The duty to keep premises in a reasonably safe condition for the use of the invited public applies solely to defects or conditions which may be characterized as in the nature of hidden dangers, traps, snares, pitfalls, and the like—things which are not readily observable. The law does not require the owner or occupant of land to warrant that the invitee shall suffer no injury upon the premises; his duty is discharged when reasonable care is taken to prevent the invitee's exposure to dangers which are more or less hidden, and not obvious. In the absence of a duty neglected or violated, there can be no actionable negligence. *Beatty v. Dixon,* Okl., 408 P.2d 339; *Herndon v. Paschal,* Okl., 410 P.2d 549; *Sullins v. Mills, supra,* [Okl., 395 P.2d 787 (1964)] *Pruitt v. Timme,* Okl., 349 P.2d 4.

*Buck,* 1967 OK 81, ¶¶ 21, 22, 431 P.2d at 365.

¶ 4 Apparently, the district court regarded the rule of *Buck* as an inflexible and absolute rule of law—that under no circumstances may a premises liability claim be maintained for an accident attributable to a natural accumulation of ice or snow. The *Buck* opinion does not hold that natural accumulations of ice and snow constitute open and obvious hazards as a matter of law. Instead, *Buck* reasoned that perceptible hazards created by the elements, such as the accumulation of ice and snow, are universally appreciated by all reasonable people using due care and circumspection. *Buck* teaches that an accumulation of ice or snow, visible upon due care and circumspection, does not constitute a hidden danger such that the premises owner is under a duty to give warning.

¶ 5 In this case, there is evidentiary material tending to establish that the patch of ice was not visible upon due care. The evidentiary material shows that on the day of the accident, the weather was cold and clear but there was no indication of any ice in the vicinity; the sidewalk appeared to be dry but there was a patch of clear and virtually invisible ice, which is known as "black ice"; and, another person had slipped and fallen on the same patch of "black ice" earlier the same day and had informed an employee in the real estate office of the dangerous invisible patch of ice. "Black ice" is not an ordinarily perceptible hazard, nor is it within ordinary knowledge such as an ordinary accumulation of ice and snow.[1] This summary judgment evidentiary material tends to show that the patch of ice that allegedly caused injury to Brown is an exception to the ordinary accumulations of ice and snow dealt with in *Buck.*[2]

¶ 6 The summary judgment evidentiary material tends to show not only that the pavement in front of the real estate office had a deceptively innocent appearance, but also that the premises owner was on notice of the dangerous patch of invisible ice because of another accident that occurred earlier the same day. Consistent with *Buck,* a premises owner does have a duty to exercise ordinary care to prevent injury to another whenever the circumstances are such that the owner, as an ordinary prudent person, could reasonably foresee[3] that another will be in danger of injury as a probable consequence of the owner's actions. *Bradford Securities Processing Service v. Plaza Bank & Trust Co.,* 1982 OK 96, 653 P.2d 188.

¶ 7 Summary judgment should be granted only when it has been established there is no genuine issue as to any material fact, *Buck's Sporting Goods v. First National Bank & Trust Company of Tulsa,* 1994 OK 14, 868 P.2d 693, and the moving party is entitled to judgment as a matter of law. *Bowers v. Wimberly,* 1997 OK 24, 933 P.2d 312. The court should not grant summary judgment where reasonable minds could draw different inferences or conclusions from the facts. *Phelps v. Hotel Management, Inc.,* 1996 OK 114, 925 P.2d 891. Here, one might easily infer that the property owner had sufficient notice of the hazardous condition to create a duty to warn invitees of the unseen danger. We hold that summary judgment is inappropriate on this record.

¶ 8 The Court of Civil Appeals affirmed the district court, noting there had been no showing of any act by the premises owner tending to enhance or exaggerate the natural accumulation as in *Krokowski v. Henderson National Corp.,*1996 OK 57, 917 P.2d 8. In *Krokowski,* we reversed summary judgment for the premises owner due to a factual controversy over whether the plaintiff's slip and fall was caused by a natural accumulation of ice and snow or by an increased hazard caused by the premises owner's placement of a drain pipe. No such facts are present in this cause and the Court of Civil Appeals' reliance on *Krokowski* is misplaced.

OPINION OF THE COURT OF CIVIL APPEALS VACATED; JUDGMENT OF THE DISTRICT COURT REVERSED;

---

1. Extant jurisprudence recognizes that "black ice" is a natural hazard that is not ordinarily perceptible: it is virtually transparent, *Morin v. Traveler's Rest Motel, Inc.,* 704 A.2d 1085 (Pa.Super.Ct.1997); it is a thin glaze of clear ice that is invisible and one of the most hazardous conditions; *State v. Eaton,* 101 Nev. 705, 710 P.2d 1370 (1985); it is very difficult to see, *Lamb v. Page,* 153 Mont. 171, 455 P.2d 337 (1969); it cannot be seen upon approach, *Sabell v. Pacific Intermountain Express Co.,* 36 Colo.App. 60, 536 P.2d 1160 (1975); it is invisible whether wet or dry, *PCT Services v. Pope,* 208 Ga.App. 192, 430 S.E.2d 139 (1993); it is ice that you cannot see, *Mark v. Hutchinson,* 132 Or.App. 613, 889 P.2d 361 (1995); it is difficult to see or recognize as ice, *Golonka v. Saratoga Teen and Recreation of Saratoga Springs,* 249 A.D.2d 854, 672 N.Y.S.2d 472 (1998); and, it is not observable, *Travers v. Vaz,* 714 A.2d 603 (R.I.1998).

2. The evidentiary material establishes that Linda Brown visited the real estate office in the middle of the day. Brown had no knowledge of the existence of the ice and as she exited the office through the same door she had entered, Brown slipped and fell on the ice resulting in alleged permanent injury to her back, hip and left leg.

3. There is no question that Linda Brown would be a foreseeable person to whom the premises owners would owe a duty, if a duty is owed. *Haas v. Firestone Tire & Rubber Co.,* 1976 OK 178, 563 P.2d 620.

CAUSE REMANDED FOR FURTHER PROCEEDINGS.

SUMMERS, C.J., LAVENDER, OPALA, WILSON, KAUGER, and WATT, JJ.,concur.

HARGRAVE, V.C.J., concurs in result.

HODGES, J., not voting.

SIMMS, J., absent.

