2001 OK CIV APP 62

**Joseph D. PIERCE, Jr. and Charla J. Pierce, Plaintiffs/Appellees,**

v.

**BANK ONE, OKLAHOMA, N.A., Defendant/Appellant.**

**No. 95348.**

Court of Civil Appeals of Oklahoma, Division No. 3.

April 12, 2001.

James R. Fletcher, Guymon, OK, for Plaintiffs/Appellees.

Martha L. Marshall, Musser & Bunch, Oklahoma City, OK, for Defendant/Appellant.

Buettner, Presiding Judge:

¶1 Defendant/Appellant Bank One, N.A., (Bank One) appeals from summary judgment granted in favor of Plaintiffs/Appellees Joseph D. Pierce, Jr. and Charla J. Pierce (Pierces) in Pierces' action seeking damages for failure to release a paid mortgage. After Pierces satisfied the mortgage, Bank One filed a release. Pierces requested that Bank One correct errors in the release, which Bank One failed to do. Pierces then filed suit against Bank One seeking damages for failure to release the satisfied mortgage. The trial court entered summary judgment in favor of Pierces and awarded them $22,000 in damages. Because we find no substantial controversy of material fact and that Pierces were entitled to judgment as a matter of law, we affirm.

¶2 Summary judgment proceedings are governed by Rule 13, Rules for District Courts, 12 O.S.Supp.1993, Ch. 2, App.1. We will not reverse a grant of summary judgment where the record on appeal establishes no substantial controversy of material fact and that the prevailing party is entitled to judgment as a matter of law. *Brown v. Alliance Real Estate Group,* 1999 OK 7, 976 P.2d 1043, 1045. Summary judgment is not proper where reasonable minds could draw different inferences or conclusions from the undisputed facts. *Id.* Further, we must review the evidence in the light most favorable to the party opposing

summary judgment. *Vance v. Fed. Natl. Mortg. Assn.*, 1999 OK 73, 988 P.2d 1275. The facts of the instant case are not in dispute.

¶ 3 The mortgage in the instant case was first given by James E. and Janet E. Henson to secure a loan for the purchase of real property.[1] The mortgage was dated December 9, 1975, the mortgagee was Oklahoma Mortgage Company, Inc., and the principal was $22,000. The mortgage was recorded December 11, 1975 at Book 506, Page 145 in Texas County. An assignment of the mortgage to Shepherd Mall State Bank, dated December 22, 1975, was recorded at Book 516, Page 460 in Texas County on December 29, 1975. The Pierces assumed the mortgage and received a warranty deed dated May 11, 1976, which was recorded at Book 505, Page 522 in Texas County on May 17, 1976. The FDIC, as receiver for Allied Oklahoma Bank, N.A., formerly known as Shepherd Mall State Bank, assigned the mortgage to Central Banc of Oklahoma City, Oklahoma. That assignment was dated July 27, 1989 and was recorded at Book 819, Page 117 in Texas County on August 14, 1989. Central Bank of Oklahoma City, Oklahoma later became Bank One.

¶ 4 The Pierces satisfied the debt in August 1997. Bank One Mortgage Corporation, as attorney-in-fact of Bank One, filed a Satisfaction of Mortgage at Book 970, Page 86 in Texas County on May 27, 1998. That Satisfaction of Mortgage indicated that a mortgage dated December 1, 1975, and recorded at Book 812, Page 798, executed by Pierces to Oklahoma Mortgage Company, Inc. had been satisfied. The date of the mortgage, the recording information, and the names of the mortgagors were incorrect, but the Satisfaction gave the correct legal description of the property and the correct mortgagee. Additionally, Bank One had not filed anything in Texas County giving notice that

Central Bank of Oklahoma City had become Bank One. Pierces sent Bank One a letter dated September 23, 1998, in which they gave notice of the errors in the Satisfaction and requested Bank One immediately file a proper release.

¶ 5 Bank One failed to act on Pierces' request and Pierces filed their petition February 2, 2000, in which they sought $22,000 as a penalty for failure to release a satisfied mortgage, pursuant to 46 O.S.1991 § 15. They also alleged that the continuing mortgage created a cloud on their title and requested that the court quiet title in Pierces. Bank One prepared a second release of the mortgage, containing accurate information, which was filed March 28, 2000 and recorded at Book 1008, Page 719 in Texas County.

¶ 6 Bank One filed its motion for summary judgment July 17, 2000. Bank One argued that the facts were undisputed and that the original satisfaction effectively released the mortgage, despite the errors in the document. Bank One also argued that the 46 O.S.1991 § 15 penalty is inapplicable because an erroneous release does not amount to a failure to release.

¶ 7 Pierces responded with their own motion for summary judgment July 28, 2000. Pierces agreed that the facts were undisputed. Pierces acknowledged that a release containing "some errors" may be effective if it includes enough correct information to identify the mortgage being released "with reasonable certainty," citing Title Examination Standard 24.4.[2] Pierces argued, however, that the Satisfaction of Mortgage contained too many errors to be effective. Pierces also argued that the Satisfaction of Mortgage indicated that it was signed by the attorney-in-fact for Bank One, yet no power of attorney was attached to the Satisfaction of Mortgage nor had one been filed in Texas County, which resulted in the Satisfaction of Mortgage having no effect, pursuant to 16

---

1. Described as Lot Ten (10) of Block Two (2) of Hinchey Johnson Addition to the City of Guymon, Texas County, Oklahoma.

2. Title Examination Standard 24.4, "Errors in Releases," provides:
   Releases of encumbrances, leases, etc., which releases contain errors in recitals as to the date,

date of recording, book and page of record or names of parties to the grants being released, should be considered sufficient if said releases give enough correct data to identify the grants being released with reasonable certainty. 16 O.S.Supp.1996, Ch. 1, App.

O.S.1991 § 20. The trial court granted summary judgment in favor of Pierces September 11, 2000. The trial court found that the undisputed facts established that Pierces were entitled to judgment as a matter of law. The trial court awarded Pierces $22,000 plus costs.

¶ 8 Bank One asserts the following issues on appeal: 1) whether a release containing errors constitutes a failure to release under 46 O.S.1991 § 15; 2) whether the trial court erred in determining that the Satisfaction of Mortgage was not effective to release the mortgage; and 3) whether 16 O.S.1991 § 53(A)(7) controls over 16 O.S.1991 § 20 when the § 53(A)(7) presumption was undisputed.

¶ 9 The trial court did not specify on which of the grounds alleged by Pierces that it granted summary judgment. We find that summary judgment was proper because the release was ineffective as a result of Bank One's failure to attach a power of attorney to the Satisfaction of Mortgage (when a copy of the power of attorney had not been previously filed in Texas County). We therefore need not address whether the errors in the Satisfaction of Mortgage were sufficient to render the release ineffective.

¶ 10 The parties do not dispute that Bank One failed to attach a power of attorney to the Satisfaction of Mortgage and that no power of attorney had been previously filed in Texas County.[3] Title 16 O.S.1991 § 20 provides:

Power of Attorney—Execution—Recording

A power of attorney-in-fact for the conveyance of real estate or any interest therein, or for the execution or release of any mortgage therefor, shall be executed, acknowledged and recorded in the manner required by this chapter for the execution, acknowledgment and recording of deeds and mortgages, and shall be recorded in the county where the land is situated, and *no* deed, mortgage or *release of a mortgage executed by an attorney-in-fact shall be received for record or recorded until the*

*power under which the same is executed has been duly filed for record in the same office;* and *the recording of any* deed, mortgage or *release of mortgage shall be of no effect for any purpose until the power under which it is executed has been duly filed* for record in the same office. . . . . (Emphasis supplied).

This section clearly establishes that the Satisfaction of Mortgage filed May 27, 1998, which did not include a power of attorney, was ineffective *for any purpose.* Bank One argues, however, that 16 O.S.Supp.1994 § 53(A)(7) controls over Section 20. Section 53(A)(7) provides:

§ 53 Recorded signed documents-Rebuttable presumptions

A. A recorded signed document relating to title to real estate creates a rebuttable presumption with respect to the title that:
* * *
7. A person purporting to act as:

a. one of the officers listed in Section 93 of Title 16 of the Oklahoma Statutes on behalf of a corporation [attorney-in-fact, president, vice-president, chairman or vice-chairman of the board of directors],

b. a partner of a general partnership,

c. a general partner of a limited partnership,

d. a manager of a limited liability company,

e. a trustee of a trust,

f. any officer or member of the board of trustees of a religious corporation,

g. a court-appointed trustee, receiver, personal representative, guardian, conservator, or other fiduciary, or

h. an officer or member of any other entity,

held the position he purported to hold, acted within the scope of his authority (unless limitations of authority were previously filed of record and indexed against the property in question), *and the authorization satisfied all requirements of law;*

---

**3.** Bank One did attach a document granting power of attorney to the release it filed March 28, 2000.

Section 20 and § 53(A)(7) may be read *in pari materia.* We therefore construe them together with other statutes on the same subject as part of a coherent system. *Oklahoma City Urban Renewal Auth. v. Medical Technology and Research Authority of Oklahoma,* 2000 OK 23, 4 P.3d 677, 694, Summers, J., dissenting, citing *Cowart v. Piper Aircraft Corp.,* 1983 OK 66, ¶ 4, 665 P.2d 315, 317. Satisfaction of the requirements of § 53(A)(7) gives rise to a rebuttable presumption of a properly recorded instrument. However, failure to comply with the requirement of § 20 effectively rebuts the presumption because § 20 provides that, without filing a power of attorney document, the release shall not be effective. Accordingly, reading these two statutory provisions together, an instrument signed by one of the persons listed in § 53(A)(7) (including an attorney-in-fact, as was the release in the instant case) is presumed to be properly recordable, but that presumption was rebutted by the failure to comply with § 20, which resulted in the Satisfaction of Mortgage not being effective. These two statutes therefore do not conflict. We conclude that under the plain language of § 20, the Satisfaction of Mortgage filed May 27, 1998, was ineffective to release the mortgage, because no power of attorney document was on file or filed therewith.

¶ 11 Because we find there was no effective release filed, until after Pierces filed their petition, we find that 46 O.S.1991 § 15 has been implicated. That section provides:

A. *Any mortgage on real estate shall be released* by the holder of any such mortgage *within fifty (50) days of the payment of the debt* secured by the mortgage *and the holder of the mortgage shall file the release of the mortgage with the county clerk where the mortgage is recorded.* If, at the end of the fifty-day period, the holder has failed to release the mortgage, *the mortgagor may at any time request in writing the holder of the mortgage to release the mortgage* and the holder of the

mortgage shall have ten (10) days from the date of the request to release such mortgage. *If the holder of the mortgage fails to release the mortgage* by the end of such ten-day period, *he shall then forfeit and pay to the mortgagor a penalty of one percent (1%) of the principal debt not to exceed One Hundred Dollars ($100.00) per day each day the release is not recorded* after the ten-day period has expired and the penalty shall be recovered in a civil action in any court having jurisdiction thereof, but the request for the release shall be in writing and describe the mortgage and premises with reasonable certainty. Provided, that *the total penalty shall not exceed one hundred percent (100%) of the total principal* debt.

B. For purposes of this section, "mortgagor" shall include any subsequent purchaser of the mortgaged real estate. (Emphasis supplied).

Pierces satisfied the debt in August 1997. Bank One did not file the Satisfaction of Mortgage within 50 days of the payment of the debt. After Bank One did record the Satisfaction of Mortgage, Pierces put Bank One on notice of the deficiencies in the Satisfaction of Mortgage (including the failure to record a power of attorney), and requested a proper release September 23, 1998. Bank One failed to file an effective release, however, until March 28, 2000, a year and a half after Pierces' notice and demand. Accordingly, the penalty provision of Section 15 ran and the maximum penalty, the principal amount of the loan, accrued.[4] We therefore find that Pierces were entitled to judgment as a matter of law for the full amount of the principal, $22,000 as penalty for failure to release the paid mortgage.

¶ 12 AFFIRMED.

¶ 13 HANSEN, C.J., and GARRETT, J., concur.

---

4. One percent of the $22,000 principal is $220. Under the statute, the maximum penalty is $100 per day, until an effective release is recorded, or until the full principal amount has accrued. After 220 days at $100 per day, the full principal had accrued. Approximately 540 days elapsed between the time Pierces requested an effective release and the date Bank One filed such a release.