ABRAHAM v. PALM OPERATING, LLC



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:ABRAHAM v. PALM OPERATING, LLC

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 ABRAHAM v. PALM OPERATING, LLC
2019 OK CIV APP 46
Case Number: 116746
Decided: 07/17/2019
Mandate Issued: 08/15/2019
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2019 OK CIV APP 46, __ P.3d __

 

TIM ABRAHAM, Plaintiff/Appellee,
v.
PALM OPERATING, LLC, Defendant,
and
PACER ENERGY MARKETING, LLC, Defendant/Appellant.

APPEAL FROM THE DISTRICT COURT OF
CREEK COUNTY, OKLAHOMA

HONORABLE LAWRENCE PARRISH, JUDGE

REVERSED

R. Brent Blackstock, Tulsa, Oklahoma, for Plaintiff/Appellee,

Carol McNern, Tulsa, Oklahoma, for Defendant/Appellant.

Kenneth L. Buettner, Judge:

¶1 Defendant/Appellant Pacer Energy Marketing, LLC, appeals summary judgment granted to Plaintiff/Appellee Tim Abraham in his suit for violation of the Production Revenue Standards Act, conversion, and restitution. The material facts are undisputed and they show Pacer's liability to Abraham was discharged by Pacer's payment to the well operator, Defendant Palm Operating, LLC. Pacer was entitled to judgment as a matter of law and we therefore reverse.

¶2 In his February 2016 Petition, Abraham alleged that he owned a Carried Working Interest in an oil lease covering the Elias-Kerns No. 2 well, that Palm had been the operator of the well since May 19, 2009, and that Pacer had been the first purchaser of the well's production since January 1, 2010. Abraham alleged he had made demand for payment of proceeds but Palm and Pacer had failed to pay. Abraham alleged Palm and Pacer owed him interest on the unpaid proceeds for violation of the Production Revenue Standards Act (52 O.S.2011 §570.1-§570.15, "PRSA"), actual and punitive damages for conversion, and restitution.

¶3 In its Answer, Pacer asserted it had purchased crude from the well beginning December 12, 2010. Pacer denied it violated the PRSA or owed interest to Abraham. Pacer also denied it was liable to Abraham for conversion or that it owed restitution. As affirmative defenses, Pacer asserted the expiration of the limitations period, laches, and waiver. Pacer further asserted it was unclear whether Abraham's interest was marketable and that any failure to make payment was due to Abraham's negligence or lack of diligence, as well as error by Palm or prior operators.

¶4 The parties then filed motions for summary judgment. In a journal entry filed January 11, 2018, the trial court granted summary judgment in favor of Abraham for $22,859.52 for production through December 31, 2016 plus 12% interest from January 1, 2017, as well as costs and fees.[1]

¶5 Pacer appeals. Summary judgment proceedings are governed by Rule 13, Rules for District Courts, 12 O.S.2011, Ch. 2, App.1. Summary judgment is appropriate where the record establishes no substantial controversy of material fact and the prevailing party is entitled to judgment as a matter of law. Brown v. Alliance Real Estate Group, 1999 OK 7, ¶7, 976 P.2d 1043, 1045. Summary judgment is not proper where reasonable minds could draw different inferences or conclusions from the undisputed facts. Id. We review the evidence de novo, in the light most favorable to the party opposing summary judgment. Vance v. Fed. Natl. Mortg. Assn., 1999 OK 73, ¶6, 988 P.2d 1275. Because this is an appeal from summary judgment, it should have proceeded under the accelerated procedure established in Oklahoma Supreme Court Rule 1.36. That rule provides that in such cases, "(u)nless otherwise ordered by the appellate court, no briefs will be allowed on review." Although the parties have filed briefs, we limit our review to the designated trial court record to determine whether there is any dispute of material fact.

¶6 The material facts which are not in dispute show that Abraham owns a 1/32 carried working interest[2] in the production from the Elias-Kerns #2 well, which has been producing since 1982. Palm became the operator of the well in May 2009 and Pacer has been the first purchaser of production since December 2010. Abraham sued both, asserting he had not been paid for his interest.[3] Most important to this dispute is that the parties agree that at Palm's direction, Pacer paid to Palm the working interest proceeds for the production it took from the well.

¶7 Abraham asserted he was entitled to interest from Pacer under 52 O.S.2011 §570.10(E)(1), which provides:

Except as provided in paragraph 2 of this subsection, a first purchaser or holder of proceeds who fails to remit proceeds from the sale of oil or gas production to owners legally entitled thereto within the time limitations set forth in paragraph 1 of subsection B of this section shall be liable to such owners for interest as provided in subsection D of this section on that portion of the proceeds not timely paid. When two or more persons fail to remit within such time limitations, liability for such interest shall be shared by those persons holding the proceeds in proportion to the time each person held such proceeds.

The exception provided for in paragraph 2 of that subsection relates solely to royalty proceeds.[4] Pacer countered that it had no liability for the proceeds after it paid them to Palm, the producing owner/operator, pursuant to 52 O.S.2011 §570.10(C)(1), which provides:

C. 1. A first purchaser that pays or causes to be paid proceeds from production to the producing owner of such production or, at the direction of the producing owner, pays or causes to be paid royalty proceeds from production to:

a. the royalty interest owners legally entitled thereto,

or

b. the operator of the well,
shall not thereafter be liable for such proceeds so paid and shall have thereby discharged its duty to pay those proceeds on such production.

The parties purport to dispute whether Palm was the producing owner, but the evidentiary materials include the affidavit of Pacer's CEO, Richard J. Nichols, averring that Palm is the operator and producing owner; an Oklahoma Corporation Commission record titled "Transfer of Ownership Update Well Information" showing Palm as the new operator; and a Division Order showing Palm as the owner and operator. Abraham did not attach evidentiary materials showing Palm was not the producing owner.

¶8 Abraham argues that §570.10(C)(1) does not apply because, according to Abraham, while Palm may have been the producing owner of some of the production, it was not the producing owner of the portion of production attributable to Abraham's interest because Abraham was the owner of that production. First, we note Abraham's argument that a first purchaser is required to directly pay each owner would render certain parts of the PRSA superfluous. For example, 52 O.S.2011 §570.4 provides that the operator acts in a ministerial capacity to receive and disburse proceeds of production from producing owners; §570.5 provides that the working interest owners may agree to designate a party other than the operator to perform the royalty accounting and remittance functions otherwise assigned to the operator. Additionally, the PRSA defines the terms used in §570.10(C)(1). The PRSA provides that an owner is one who has "a legal interest in the mineral acreage under a well which entitles that person or entity to oil or gas production or the proceeds or revenues therefrom." The PRSA explains that producing means "the physical act of severance of oil and gas from a well by an owner and includes but is not limited to the sale or other disposition thereof." The PRSA defines "producing owner" as "an owner entitled to produce who during a given month produces oil or gas for its own account or the account of subsequently created interests as they burden his interest." 52 O.S.2011 §570.2(3). The assignment granting Abraham a "carried working interest" provides that Abraham would not bear any cost of drilling or operation and also that Abraham would have no control over the leased premises or the operations carried out thereon.

¶9 The evidentiary materials in the record show that Abraham was not the operator or producing owner and that Palm was the operator and producing owner. Abraham has not disputed Pacer's assertion that it paid the proceeds of production to Palm and therefore, under §570.10(C)(1), Pacer has discharged its liability for payment of proceeds of production. Pacer was therefore entitled to judgment as a matter of law on all of Abraham's claims against Pacer. Accordingly, summary judgment in favor of Abraham is REVERSED.

GOREE, C.J., and JOPLIN, P.J., concur.

FOOTNOTES

[1] In between the motions for summary judgment and the final order, the trial court granted default judgment to Abraham then vacated it on Pacer's motion.

[2] The parties dispute whether Abraham's interest was properly called a carried working interest, but the evidentiary materials include a 1982 assignment of a 1/32 "carried working interest" from Bristow Resources to Abraham. The type of ownership interest Abraham has is not material to this dispute.

"A carried interest is a fractional interest in an oil and gas property, usually a lease, the holder of which has no personal obligation for operating costs, which are to be paid by the owner or owners of the remaining fraction, who reimburse themselves out of production, if any. The person advancing the costs is the carrying party and the other is the carried party." Mayfield v. H.B. Oil & Gas, 1987 OK 106, 745 P.2d 732, n.1, citing 8 Williams and Meyers, Oil and Gas, Law Manual of Terms, 102 (1984).

[3] Before this case was filed, Palm's assets had been placed in receivership in an action by Armstrong Bank filed in another county and Palm's predecessor in title had sought bankruptcy protection. Abraham asserted he dismissed his claims against Palm while Pacer averred Abraham's claims against Palm were stayed. The trial court docket sheet does not show a dismissal as to Palm.

[4] 52 O.S.2011 §570.10(E)(2) begins: "When royalty proceeds on gas production are remitted pursuant to subsection B of Section 570.4 of this title: . . . ."






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1987 OK 106, 745 P.2d 732, 58 OBJ 3083, Mayfield v. H.B. Oil & Gas
Discussed
 1999 OK 7, 976 P.2d 1043, 70 OBJ 530, Brown v. Alliance Real Estate Group
Discussed
 1999 OK 73, 988 P.2d 1275, 70 OBJ 2674, Vance v. Federal National Mortgage Assn.
Discussed
Title 52. Oil and Gas
 Cite
Name
Level

 52 O.S. 570.1, Short Title
Cited
 52 O.S. 570.2, Definitions
Cited
 52 O.S. 570.4, Proceed Sharing - Operator Duties - Alternative to Royalty Disbursement
Cited
 52 O.S. 570.10, Proceeds from Sale of Production
Discussed at Length


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA