MISSOURI GAS ENERGY v. GRANT COUNTY ASSESSOR



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:MISSOURI GAS ENERGY v. GRANT COUNTY ASSESSOR

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 MISSOURI GAS ENERGY v. GRANT COUNTY ASSESSOR
2021 OK CIV APP 30
Case Number: 118507
Decided: 01/08/2021
Mandate Issued: 07/21/2021
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2021 OK CIV APP 30, __ P.3d __

 
APPROVED FOR PUBLICATION BY THE SUPREME COURT. 

 

IN THE MATTER OF THE ASSESSMENT FOR TAX YEAR 2011 OF CERTAIN PERSONAL PROPERTY OWNED BY MISSOURI GAS ENERGY, A DIVISION OF SOUTHERN UNION COMPANY.

MISSOURI GAS ENERGY, Petitioner/Appellee,
v.
GRANT COUNTY ASSESSOR and GRANT COUNTY BOARD OF EQUALIZATION, Respondents/Appellants.

APPEAL FROM THE DISTRICT COURT OF
GRANT COUNTY, OKLAHOMA

HONORABLE PAUL K. WOODARD, TRIAL JUDGE

AFFIRMED

William K. Elias, John R. Bomhoff, Wyatt D. Swinford, ELIAS, BOOKS, BROWN & NELSON, PC, Oklahoma City, Oklahoma, for Petitioner/Appellee,

Mart Tisdal, Pat O'Hara, Patrick O'Hara, Jr., Luke Adams, W. Jason Hartwig, TISDAL AND O'HARA, Clinton and Oklahoma City, Oklahoma, and
Steven A. Young, ASSISTANT DISTRICT ATTORNEY, Medford, Oklahoma, for Respondents/Appellants.

BARBARA G. SWINTON, VICE-CHIEF JUDGE:

¶1 Respondents/Appellants Grant County Assessor and Grant County Board of Equalization (collectively, County) appeal summary judgment granted to Petitioner/Appellee Missouri Gas Energy (MGE) in its challenge to the assessment of tax on natural gas temporarily stored in Grant County. This case was previously remanded to the trial court with directions to determine the amount of gas exempt from ad valorem tax under the Freeport Exemption. The record shows no dispute of the material facts that the amount claimed by MGE as being exempt was purchased outside Oklahoma, stored in Oklahoma for nine months or less, and sold outside Oklahoma. MGE was entitled to judgment as matter of law and we affirm.

¶2 This case began in 2011, when MGE sought an exemption from ad valorem tax on natural gas owned by MGE but shipped in a third-party's pipeline and stored in the pipeline company's facility in Grant County.[1] County denied the exemption and MGE sought a trial de novo in District Court. The trial court originally granted summary judgment to County, based on its finding severed natural gas was not "goods" for purposes of Oklahoma's Freeport Exemption.[2] MGE appealed that judgment and another division of this court reversed. See Missouri Gas Energy v. Grant County Assessor, 2016 OK CIV 44, 376 P.3d 923 ("MGE II").[3] In MGE II, this court noted that after the summary judgment granted to County, the Legislature amended 68 O.S. Supp. 2015 §2807 to expressly provide that oil, gas, and petroleum products constitute goods, wares, and merchandise for purposes of ad valorem taxation and the Freeport Exemption. Accordingly, this court remanded the case with directions to determine the amount of gas exempt from ad valorem tax under the Freeport Exemption.

¶3 After remand to the trial court, MGE filed a renewed motion for summary judgment and County likewise renewed its motion for summary judgment. Following a hearing, the trial court entered its order granting summary judgment to MGE and denying County's motion. The court's order does not state its finding on the amount of gas subject to the exemption, but by granting summary judgment to MGE on its motion seeking an exemption for 87.35% of the gas it stored in Oklahoma, the trial court necessarily concluded that was the amount exempt from taxation.

¶4 County appeals. Summary judgment proceedings are governed by Rule 13, Rules for District Courts, 12 O.S.2011, Ch. 2, App.1. Summary judgment is appropriate where the record establishes no substantial controversy of material fact and the prevailing party is entitled to judgment as a matter of law. Brown v. Alliance Real Estate Group, 1999 OK 7, ¶7, 976 P.2d 1043. Summary judgment is not proper where reasonable minds could draw different inferences or conclusions from the undisputed facts. Id. We review the evidence de novo, in the light most favorable to the party opposing summary judgment. Vance v. Fed. Natl. Mortg. Assn., 1999 OK 73, ¶6, 988 P.2d 1275.

¶5 County first argues the trial court erred in granting judgment to MGE based on its amended Form 901-F, the form used to seek the Freeport Exemption. County cites 68 O.S.2011 §2902.2 which provides that an untimely application for the exemption is void. County raised this issue before the first summary judgment and this court did not find MGE's application for exemption was void in MGE II, as shown by its decision to remand for determination of the amount of MGE's gas that was exempt. Accordingly, this argument is barred by the doctrine of res judicata. See Read v. Read, 2001 OK 87, ¶¶ 15-16, 57 P.3d 561.

¶6 County's remaining arguments address whether MGE showed it was entitled to judgment as a matter of law on its claim for an exemption for 87.53% of the gas it stored in Grant County. County contends MGE cannot show what amount of its gas originated outside of Oklahoma nor what amount was stored in Grant County for less than nine months.

¶7 The Oklahoma Supreme Court addressed the application of the Freeport Exemption to natural gas in In the Matter of Assessment of Personal Property Taxes against Missouri Gas Energy, 2008 OK 94, 234 P.3d 938 ("MGE I"). In MGE I, Woods County sought ad valorem taxes from MGE for gas stored there before being sold in Missouri. As in this case, MGE claimed the Freeport Exemption applied. The trial court found the exemption was inapplicable but granted judgment to MGE on other grounds and the county appealed. The Oklahoma Supreme Court retained the case. It explained that where natural gas is put into a third-party pipeline and stored in the pipeline's storage facility in Oklahoma before being delivered from the pipeline in another state, the gas is owned by the seller the entire time, even though the individual molecules of gas cannot be traced. In other words, because gas is a fungible commodity, if MGE caused a cubic foot of gas to go into storage, it owned a cubic foot of gas and could deliver it from the pipeline in another state, even though the actual molecules may not be the same on either end.[4] The court found that all owners of gas commingled in storage owned gas as tenants in common. In MGE I, the pipeline owner used a formula to allocate a proportional share for each owner in common. "The allocation formula . . . resulted in a proportionate distribution of storage volumes between storage facilities and among shippers with storage account balances. It is a fair and reasonable method of apportioning ownership among common owners." Id. at ¶41. Nevertheless, the Oklahoma Supreme Court concluded that the Freeport Exemption did not apply because none of the gas at issue in that case originated outside of Oklahoma.

¶8 In this case, MGE offered affidavits, testimony, and documents showing that 87.53% of the gas allocated to it and stored in County originated outside the state, that the gas stored in County turns every nine months, and that MGE sold all of its gas outside of the state. County argues that because MGE's gas was commingled with other gas that may have originated in Oklahoma, then MGE cannot prove what part of its gas originated outside Oklahoma nor what part of it was stored in Oklahoma less than nine months.

¶9 In MGE I, the Supreme Court made clear that it is the quantity of gas shipped in and out of Oklahoma that is determinative of the first element of the Freeport Exemption, not the particular molecules. In MGE I, MGE sought to have its gas, which originated in Oklahoma, declared exempt because it commingled with other's gas shipped from outside the state. The Supreme Court rejected that argument. County is now making the same argument reversed-that because MGE's gas originating out of state was commingled with gas owned by others which originated in Oklahoma, the exemption cannot apply. MGE I requires our finding that the quantity of gas owned by MGE which originated outside Oklahoma qualifies for the exemption so long as it was stored here less than nine months.

¶10 MGE presented evidentiary materials establishing that 87.53% of the gas it owned that was stored in County originated out of Oklahoma, was stored in Oklahoma nine months or less, and was sold in Missouri. County did not present evidentiary materials creating a dispute of these material facts and therefore MGE was entitled to judgment as a matter of law.

AFFIRMED.

MITCHELL, P. J., and PEMBERTON, J., concur.

FOOTNOTES

[1] MGE contracted with Southern Star Central Gas Pipeline to ship and store its natural gas. Southern Star owns several storage facilities, including the Webb storage facility in Grant County.

[2] The Freeport Exemption is set out in Okla. Const. Art. 10, § 6A, which provides:

A. All property consigned to a consignee in this State from outside this State to be forwarded to a point outside this State, which is entitled under the tariffs, rules, and regulations approved by the Interstate Commerce Commission to be forwarded at through rates from the point of origin to the point of destination, if not detained within this State for a period of more than ninety (90) days, shall be deemed to be property moving in interstate commerce, and no such property shall be subject to taxation in this State; provided, that goods, wares and merchandise, whether or not moving on through rates, shall be deemed to move in interstate commerce, and not subject to taxation in this State if not detained more than nine (9) months where such goods, wares and merchandise are so held for assembly, storage, manufacturing, processing or fabricating purposes; provided, further, that personal property consigned for sale within this State must be assessed as any other personal property.

B. The Legislature shall enact laws governing the procedures for making application to the county assessor for purposes of the exemption authorized by this section, including the time as of which the application must be filed and information to be included with the application.

[3] MGE II includes a detailed explanation of the procedural history of this case leading up to the first summary judgment.

[4] As explained in MGE I:

MGE reminds us that from the moment gas enters the pipeline at the suppliers' facility, it is commingled with every other molecule of gas already in the pipeline. MGE contends that it owns particular molecules of gas, but because individual molecules of gas cannot be traced, [pipeline owner] does not and cannot quantify a volume of gas and identify a particular shipper as that volume's owner. Thus MGE contends that while it owns gas in the system, its ownership of gas at any particular location on the system cannot be proved.

Assessor argues that it does not have to prove the location of any particular molecules of gas to assess MGE for gas stored [in the county]. Assessor contends that MGE is entitled to delivery of a volume of gas, not delivery of particular molecules, and that it owns the volume to which it is entitled without regard to where any particular molecules happen to be. She urges the court to hold that all gas in Field Zone storage, regardless of where it is stored, is owned in common by all shippers with positive storage account balances.

The court agreed with the assessor's argument. MGE I, 234 P.3d 938 at ¶¶35-37.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2016 OK CIV APP 44, 376 P.3d 923, MISSOURI GAS ENERGY v. GRANT COUNTY ASSESSOR
Cited
Oklahoma Supreme Court Cases
 Cite
Name
Level

 2001 OK 87, 57 P.3d 561, 72 OBJ 3055, READ v. READ
Discussed
 2008 OK 94, 234 P.3d 938, IN THE MATTER OF THE ASSESSMENT OF PERSONAL PROPERTY TAXES
Discussed at Length
 1999 OK 7, 976 P.2d 1043, 70 OBJ 530, Brown v. Alliance Real Estate Group
Discussed
 1999 OK 73, 988 P.2d 1275, 70 OBJ 2674, Vance v. Federal National Mortgage Assn.
Discussed
Title 68. Revenue and Taxation
 Cite
Name
Level

 68 O.S. 2902.2, Property Moving Through State in Interstate Commerce Exemption- Application
Cited
 68 O.S. 2807, Construction of Personal Property
Cited


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA